UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 23-cr-339-0 (ACR) |
| | ) | |
| PETER WILLEY | ) | |
| | ) | |

**SUPPLEMENTAL BRIEFING ON APPLICATION OF RULE OF LENITY
TO MENS REA REQUIREMENT OF 18 U.S.C. § 1752**

The government conceded at the hearing that the question whether it must prove that a § 1752 defendant knew that Vice President Pence or a family member was present within the restricted perimeter is a "close call." This Court has asked how the rule of lenity might therefore apply in such a situation, citing *Rewis v. United States*, 401 U.S. 808, 812 (1970) ("ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity").

Mr. Willey does not wish to be repetitive of the good information and analysis co-counsel has provided but will focus on the purposes of the rule of lenity and how it might apply in this case.

It is of course Mr. Willey's view that 1) Congress's text applies "knowingly" to the term of art "restricted buildings or grounds," and therefore, without any need for the mens rea to "travel," necessarily applies it to both definitional components; 2) the protectee's presence (as opposed to his or her legal status as a protectee) is not a jurisdictional-only element; and 3) even if it was, a rule of statutory construction about the applicability or inapplicability of the presumption of mens rea cannot override Congress's decision to attach mens rea to that element. The government has proffered a completely different interpretation.

1

The thoughtful and careful judges in this district have studied the same words and, even after extensive briefing, have been unable to agree on what those words mean. In such cases, the rule of lenity can provide the answer.

Lenity has been applied where reasonable doubt exists "after resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990). If this Court is left with such a reasonable doubt here, there is ambiguity sufficient to invoke the rule of lenity.

This degree of ambiguity is sometimes labeled "grievous" ambiguity but Justice Gorsuch (joined by Justice Sotomayor) has explained that that characterization has its roots in ill-considered dicta and that the rule's history and purposes call for its application anytime the traditional tools of statutory construction yield no clear answer. *See Wooden v. United States*, 595 U.S. 360, 388-396 (2022) (Gorsuch, J., concurring, joined by Sotomayor, J.).

"'It is a principle grown hoary in age and wisdom, that penal statutes are to be construed strictly.'" *Id.* at 390 (quoting Justice Story in *United States v. Mann*, 26 F. Cas. 1153 (No. 15,718) (CC NH 1812), construing statute narrowly where text did not provide "'definite'" answer). The lenity principle grows out of due process and the requirement of fair notice: "If the law inflicting punishment does not speak 'plainly' to the defendant's conduct, liberty must prevail." *Id.* at 390.

This emphasis on fair notice "is about protecting an indispensable part of the rule of law – the promise that, whether or not individuals happen to read the law, they can suffer penalties only for violating standing rules announced in advance." *Id*. at 390-91. *See also United States v. Bittner*, 598 U.S. 85, 101-103 (2023) (Gorsuch, J., joined by Jackson, J.) (rule of lenity "exists in part to protect the Due Process Clause's promise that 'a fair warning should be given to the

world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" (quoting *McBoyle v. United States*, 283 U.S. 25, 27 (1931)).  This principle is certainly resonant here where the government is trying to apply a counterintuitive (at best) interpretation of a law to the literal passing of a line.

Closely related to fair notice is lenity's role in vindicating the separation of powers.  Legislative power, most importantly the power to punish, is vested in Congress.  Lenity "places the weight of inertia upon the party that can best induce Congress to speak more clearly," forcing the government to seek any clarifying changes to the law rather than impose the costs of ambiguity on presumptively free persons."  *Wooden*, 595 U.S. at 391 (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008) (plurality opinion)).  "In this way, the rule helps keep the power of punishment firmly 'in the legislative, not in the judicial department.'"  *Id.* (citation omitted).

Here, Judge Cooper in *United States v. Groseclose*, No. 21-cr-311 (CRC), ECF 99 (D.D.C. Jan. 5, 2024), was unpersuaded by most of the government's textual and contextual arguments.  He concluded that the government's argument that the second half of the "restricted buildings or grounds" definition was simply intended to establish federal jurisdiction offered the most compelling reason for not reading the statute as requiring mens rea for that element.  Looking only at § 1752 as it stood when enacted in 1970, Judge Cooper was "hard-pressed to see meaningful daylight" between *United States v. Feola*, 420 U.S. 671 (1975), and this case.  *Groseclose*, ECF 99 at 16.  Looking at the history of the 2005 amendments, though, he thought Congress seemed to have reconceptualized the statute in a way that undermined the government's argument that the protectee's presence was "jurisdictional only."  *Id.* at 18.

Ultimately Judge Cooper recognized that "there are some contextual considerations here that militate against extending the knowledge requirement to the hilt." *Id*. at 19.  But those factors were not as clear as in cases, like child-sex crimes, where courts have found reason to jettison the most natural reading.

"This case lands somewhere in the middle from this Court's vantage. . . .  At most, the countervailing context brings matters closer to equipoise.  And when an assessment of the sweep of a criminal law winds up in that posture after all the tools of statutory interpretation have been employed, *any tie ought to go the the defendant*."  *Id.* at 20 (emphasis added) (citing, *e.g., Cleveland v. United States*, 531 U.S. 12, 25 (2000) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.")).

Similarly, this Court might conclude that, even employing all tools of statutory construction, it cannot determine whether the protectee presence element was ever intended to be purely jurisdictional and exempt from the text's mens rea requirement.  Or this Court might conclude, like Judge Cooper, that the protectee presence element was at one point "jurisdictional only" but that, in light of subsequent amendments (including the 2012 restructuring), it cannot determine whether it remains so.  If the Court, having considered everything, is left in equipoise, for all the reasons above, the rule of lenity is a proper basis for resolving the present dispute and requiring the government to prove that the defendants knew that Vice President Pence was present within the § 1752 restricted perimeter.

                                                Respectfully submitted,

                                                A.J. KRAMER
                                                FEDERAL PUBLIC DEFENDER

                                                _____/s/_____
                                                DIANE SHREWSBURY
                                                MARIA JACOB

LISA WRIGHT
Assistant Federal Public Defenders
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500