UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  No. 23-cr-339-02 (ACR) |
| | ) |
| PETER WILLEY | ) |
| | ) |

**SUPPLEMENTAL BRIEFING ON
THE MENS REA REQUIREMENT OF 18 U.S.C. § 1752**

The Court has invited the parties to brief (1) whether 18 U.S.C. § 1752(c) is both jurisdictional and an element of § 1752; and (2) if so, whether the "knowingly" requirement in § 1752(a) carries through to § 1752(c). The answer to the first question is no, at least as to the "presence" part of § 1752(c) that is at issue here. The answer to the second question is yes. Either way, knowledge of Vice President Pence's presence is an element the government must prove beyond a reasonable doubt.

**I. The Protectee-Presence Requirement Is Not Jurisdictional, But A Substantive Element For Which Knowledge is Required.**

As to the first question, the government has conceded that it must prove as an element that the defendant entered a "restricted building or grounds" and that "knowingly" modifies that "restricted building or grounds" element. As Judge Nichols has recognized, this concession "gives up the ballgame." *United States v. Elizalde*, No. 23-cr-170 (CJN), ECF #39 at 3-5 (D.D.C. Dec. 1, 2023). Because § 1752(c) is Congress's definition of that element, and stands in for that element as a matter of statutory construction, § 1752(c) is an element and knowledge of § 1752(c) is an element as well.

The government concedes that "knowingly" modifies "restricted building or grounds" but wants to give those words their everyday meaning and require knowledge of only the first part of

1

their actual definition. But "restricted building or grounds" is a term of art and it is literally not possible to "know" an area is a "restricted building or grounds" if all you know is one of the two facts required to qualify it as such. The government, in its lenity briefing, acknowledges that courts must insert a term's definition in lieu of a defined term but when it then puts the § 1752(c) definition in brackets to illustrate, it ignores that it has conceded that "knowingly" applies to the element defined in the brackets. Govt. Lenity Mem., ECF No. 56 at 4.

In *McFadden v. United States*, 576 U.S. 186 (2015), it was not enough that the defendant knew that the "substance" was "controlled" in the colloquial sense (antibiotics are controlled). The substance had to be a "controlled substance" and the defendant had to know it was a "controlled substance" *as Congress defined that term in the drug schedules*. The government points out that it could prove for *actus reus* purposes that a substance was heroin while proving for *mens rea* purposes only that the defendant knew that the substance was on the schedules, and argues that "[t]his divergence does not mean that the term 'a controlled substance' means two different things." Govt. Lenity Mem., Attachment, ECF No. 56-1 at 28. But in the government's example, it has proved the definition met as to both the *actus reus* and the *mens rea*. Here, as to the *mens rea*, the government is attempting to prove only half of the definition.

The government has submitted 20 pages of briefing to support its argument (not briefed in the Court of Appeals) that this case is controlled by *United States v. Feola*, 420 U.S. 671 (1975). But *Feola* is entirely distinguishable. The word "knowingly" appears nowhere in 18 U.S.C. § 111. The statute specifies no *mens rea* at all. Thus *Feola* was solely about reading tea leaves to try and guess at Congress's unstated intent: "We conclude, from all this, that in order to effectuate the congressional purpose of according maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts, § 111 cannot be

construed as embodying an *unexpressed* requirement that an assailant be aware that his victim is a federal officer." *Feola*, 420 U.S. at 684 (emphasis added). *See also Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016) (Courts assume *mens rea* not intended "*[w]hen Congress has said nothing about the mental state pertaining to a jurisdictional element.*"). Here, Congress did say something—the "knowingly" requirement is "expressed"—and Mr. Willey's argument is not dependent on presuming *mens rea*. Any similarities of purpose between this statute and the one in *Feola* would at most undermine the presumption of *mens rea*. They would not create a contrary presumption sufficient to override Congress's stated intent, a stated intent not present in *Feola*.

But in any event, this statute is not a federalization of state trespass law in the same way the *Feola* statute was a federalization of state assault laws. *Feola* concluded that § 111's purpose was creating a federal forum for an existing state offense applicable to federal officers as opposed to "fill[ing] a gap in the substantive law of the States." 420 U.S. at 683. Trespass is a crime against property and to be analogous to § 111 and statutes like those criminalizing theft of government property or arson on government property, § 1752 would have to criminalize trespassing on federal property. But trespass on federal property was not the evil Congress sought to prevent and so it did not "duplicat[e] state prescriptions" in order to insure a federal forum but instead created a new "substantive law," *id*. at 683, to target the evil it was actually trying to forestall, that is, unauthorized proximity to the presence of a protectee.

Thus, *Feola* does not render the substantive element of the protectee's presence in § 1752(c) also "jurisdictional." A "jurisdictional" element "connects the law to one of Congress's enumerated powers, thus establishing legislative authority." *Torres*, 136 S. Ct. at 1630. To the extent any part of § 1752(c) is jurisdictional, it is the status of the victim as a

3

"person protected by the Secret Service" (just as in *Feola* it was the status of the assault victim as a federal officer), not that the victim "is or will be present" within the restricted area.

## II. To The Extent The Protectee-Presence Element Is Both An Element And Jurisdictional, The Knowledge Requirement Applies.

Even if Congress's desire to create a federal statute as an alternative to the patchwork of state trespass laws suggests that the protectee's presence served some "jurisdictional" purpose, that does not mean the presence element is exempt from the "knowingly" *mens rea* called for in Congress's text. As this Court highlighted, a fact can be both a substantive element and serve the jurisdictional purpose of providing a federal forum. *Feola*, 420 U.S. at 676 n.9. "The question . . . is not whether the requirement is jurisdictional, but whether it is jurisdictional *only*." *Id.* (emphasis added). *See also id.* at 697-98 (Stewart, J., dissenting) (agreeing that the question is whether federal officer status is "jurisdictional only" and contrasting statutes that "merely . . . federalize" state law, as the majority found § 111 did, with those that fill a substantive gap in state law). "If what is meant by 'jurisdictional only' is that the requirement does not speak to the wrongfulness of the conduct but is instead aimed exclusively at providing a basis for bringing the charge in federal court (much like the interstate-nexus requirement), the requirement here that . . . a Secret Service protectee be present do[es] not fit the bill." *United States v. Groseclose*, 710 F. Supp. 3d 1, 10 (D.D.C. 2024).

Thus, while it is Mr. Willey's position that the protectee's presence is a substantive element and not jurisdictional, if the Court were to conclude based on the statute's history that the presence requirement also serves a jurisdictional purpose, the "knowingly" *mens rea* would still apply so long as the presence element is not "jurisdictional only."

Indeed, Judge Kollar-Kotelly just recently concluded that the government must prove knowledge of Vice President Pence's presence because she could not conclude—weighing text,

4

structure, and history—that the protectee presence element was "purely jurisdictional." *United States v. Vaglica*, No. 23-cr-429 (CKK), ECF No. 62 at 6, 11 (Sept. 19, 2024). While the presence element "is not a bright line that 'separat[es] legal innocence from wrongful conduct,'" it is nevertheless "integral to 'the evil Congress [sought] to prevent' when it enacted Section 1752." *Id.* at 6-7 (citations omitted). The historical evidence that, "throughout the evolution of Section 1752, Congress has been principally concerned with punishing and deterring trespasses that threaten the safety of Secret Service protectees, rather than with preventing trespasses into restricted areas more generally" also supports the conclusion that the presence of a protectee is a substantive element. *Id.* at 7-8. And unlike "the 'jurisdictional only' provisions of the other statutes the Government cites," the protectee-presence element targets a narrow slice of the conduct Congress may permissibly regulate, "addressing a form of trespass that is particularly wrongful and that has unusual potential to harm the interests of the United States." *Id.* at 10-11.

Knowledge of Vice President Pence's presence is a substantive element, not jurisdictional only, and must therefore be proved.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
DIANE SHREWSBURY
MARIA JACOB
LISA B. WRIGHT
Assistant Federal Public Defenders
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500